Laura L. ALEXANDER–
SCHAUSS, Plaintiff,

v.

**Michael LEW, Individually, Defendant.**

**No. CIV. 04–72497.**

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 30, 2004.

Laura L. Alexander–Schauss, Pro Se, Flint, MI, for plaintiff.

Jeffrey S. Hengeveld, Esquire, Plunkett & Cooney, Bloomfield Hills, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

### I.

#### Introduction

This motion for dismissal of Plaintiff's claims and imposition of Fed R. Civ. P. 11 sanctions ("Rule 11") arises out of pleadings which Plaintiff, Laura L. Alexander–Schauss ("Plaintiff"), submitted during litigation against Defendant, Michael Lew ("Defendant"), a divorce attorney, for services provided to the Plaintiff. Plaintiff retained the Defendant to assist in her marriage dissolution proceeding in the Circuit Court for Cook County, Illinois. Plaintiff alleged that the Defendant failed to protect her in all stages of the post dissolution proceedings. Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue. For the reasons explained below, the Defendant's motion is GRANTED.

### Procedural Background

On July 7, 2004, Plaintiff filed a Complaint against Defendant alleging three counts of legal malpractice. She alleged in her Complaint that: (i) Defendant filed a motion that was not complete and ineffective; (ii) Defendant failed to protect her interest in the motion to vacate and inform the judge in the underlying action that Plaintiff was not in possession of a ring, causing her to spend two days in jail; and (iii) Defendant failed to protect Plaintiff's interest in all stages of the litigation in conformity with the law of the Illinois Supreme Court and the Professional Codes of Conduct under the state of Illinois.

Defendant filed a motion to change the venue of the proceedings to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). On August 5, 2004, Defendant filed an amended motion to dismiss or for summary judgment, contending that the United States District Court for the Eastern District of Michigan lacked personal jurisdiction over the Defendant and that venue was improper. Alternatively, the Defendant moved for a change of venue pursuant to 28 U.S.C. § 1404(a).

Plaintiff filed a response objecting to Defendant's motion to dismiss and summary judgment. Plaintiff contended that an evidentiary hearing should be held under the "likelihood standard" to show that personal jurisdiction exists. She further contended that summary judgment would cause her to suffer "undo harm" and Defendant's retention of counsel in this action demonstrated that he could litigate the case in this jurisdiction.

Defendant filed a reply, contending that the likelihood standard has not been adopted by the Sixth Circuit, has only been used in cases where the assertion of jurisdiction is bound up with the claim on the merits, and that his motion to dismiss does not address the underlying merits of Plaintiff's claim. Defendant further contended that Plaintiff's pro se status does not entitle her to more legal rights or special exceptions to the Court's jurisdictional requirements.

At argument Defendant contended that Plaintiff's claim had been frivolously brought and requested that Rule 11 sanctions be imposed. Defendant further contended that he had informed Plaintiff that pro se parties are not exempt from Rule 11 sanctions.[1]

**1.** Fed.R.Civ.P. 11(b) and (c) reads in relevant part:

(b) Representations to the Court. By presenting the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or *unrepresented party* [emphasis added] is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the

## II.

### Standard of Review

■■■ A motion to dismiss for lack of personal jurisdiction and venue brought pursuant to Fed.R.Civ.P. 12(b)(2) and (3), can be determined by the court on the basis of submitted pleadings and affidavits. *See Third Nat'l Bank of Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989). The burden of establishing jurisdiction is on the plaintiff. *Id.* If the court determines the motion on the basis of written submissions alone, it must consider the pleadings and affidavits in a light most favorable to the plaintiff. The plaintiff need only establish a prima facie showing of jurisdiction to meet her burden. *Id.*

## III.

### Analysis

### A. PERSONAL JURISDICTION

In diversity cases, the federal courts have *in personam* jurisdiction as permitted by state law. The Defendant contends that there is no basis upon which the Court could properly exercise personal jurisdiction under either Michigan's general jurisdiction[2] or long-arm statute.[3] Specifi-

extension, modification, or reversal of existing law or the establishment of new law; ....

(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms or parties that have violated subdivision (b) or are responsible for the violation.

**2.** Michigan's general jurisdiction statute under section 600.701 provides, in relevant part;

*Individuals; general personal jurisdiction*
The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state

cally, Defendant argues: 1) he has not engaged in substantial extensive activity in Michigan sufficient to allow for the exercise of personal jurisdiction; 2) he did not have minimum contacts with the forum state required by constitutional due process for a court to have personal jurisdiction; 3) he did not purposefully avail himself to the jurisdiction of the Court; 4) this action did not arise as a result of the Defendant's activities in Michigan; and 5) subjecting the Defendant to the jurisdiction of the Court fails the reasonableness requirement. Finally, the Defendant contends that venue is not proper in the Eastern District of Michigan, as a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in Michigan and the Defendant does not reside in the Judicial District.

Plaintiff responds that the Court should adopt a likelihood standard, whereby the Court requires the plaintiff to come forward with evidence showing a likelihood that personal jurisdiction exists. *See Foster–Miller v. Babcock & Wilcox Can.*, 46 F.3d 138, 146 (1st Cir.1995). Further, Plaintiff contends that the Defendant is subject to the Court's jurisdiction by accepting payment from Plaintiff's Michigan account. Finally, Plaintiff contends that Defendant's retention of counsel for the present motion demonstrates his ability to litigate the matter in the Court's jurisdic-

tion and dismissing her action would cause her to suffer "undo harm."

Defendant replies that the likelihood standard has not been adopted in the Sixth Circuit and that the likelihood test should be used only when the assertion of jurisdiction is bound up with the claim on the merits. *See Id.* at 146.

## MICHIGAN'S LONG–ARM STATUTE

Plaintiff does not contend that the Court may exercise personal jurisdiction over the Defendant on the basis of Michigan's general jurisdiction statute. The Defendant was not present or domiciled, nor has he consented to personal jurisdiction in Michigan. Rather, Plaintiff contends that Defendant is subject to Michigan's long-arm statute by accepting a check drawn from a Michigan account.

Generally, Michigan's long-arm statute confers the State with the "maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *LAK, Inc., v. Deer Creek Enterprises*, 885 F.2d 1293, 1298 (6th Cir. 1989). However, the reach of Michigan's long-arm jurisdiction has been restricted. *See Rann v. McInnis*, 789 F.2d 374 (6th Cir.1986). In *Rann*, the Sixth Circuit held that Michigan's long-arm statute did not extend jurisdiction to a nonresident defendant who provided medical services to

to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render judgments against the individual or representative.
(1) Presence in the state at the time when process is served.
(2) Domicile in the state at the time when process is served.
(3) Consent, to the extent authorized by the consent and subject to the limitations.....

3. Michigan's long-arm statute set forth in MCL 600.705, et. seq. provides:
The existence of any of the following relationships between an individual or his agent

and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
(1) The transaction of any business within the state.
(2) The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort....

Michigan residents out of state, where the defendant never solicited business in Michigan, and reimbursement was provided by a Michigan insurer. *See Id.* at 376.

■ The Sixth Circuit has enunciated a consolidated test for determining whether both Michigan's statutory standard and the constitutional due process requirements are satisfied: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities; and (3) the acts or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir.1968). The Court will consider each of the three elements of the *Southern Machine* test to determine whether the exercise of personal jurisdiction over the Defendant is appropriate.

## 1) PURPOSEFUL AVAILMENT

First, the Court must determine whether the Defendant purposefully availed himself of the privilege of acting or causing consequences in the forum state. Factors the court should consider include whether the Defendant performed services in the forum state and whether he solicited sales there by means of advertising. Contracting with a Michigan resident, mailing letters, or placing phone calls alone are not sufficient to invoke personal jurisdiction. *See Lanier v. American Bd. of Endodontics,* 843 F.2d 901, 907 (6th Cir.), cert. denied, 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988).

■ A review of the pleadings and motions in this case, viewed in the light most favorable to the Plaintiff, establish that Plaintiff has not proffered any facts that the Defendant has conducted, solicited or advertised for business in the State of Michigan. Further, the Defendant did not travel to the State of Michigan to represent the Plaintiff. In fact, the Plaintiff acknowledges in her pleading that the Defendant "at all times pertinent herein was an attorney at law licensed to practice law in the State of Illinois, engaged in the practice of his profession and locating his professional office in the County of Cook." (Resp. Br. at 2)

The Court concludes that by his actions, the Defendant did not purposefully avail himself to the jurisdiction of this Court by either acting or causing consequences in the State of Michigan. The receipt of a check drawn from a Michigan account was incidental to the representation of Plaintiff in Illinois; Defendant's contacts with Michigan were not on-going, far-reaching, continuous or substantial. Consequently, the Court finds no basis for the exercise of personal jurisdiction over the Defendant. *See Urbanco, Inc., v. Wood Lucksinger & Epstein,* 1990 U.S. Dist. LEXIS 7646, *4 (W.D.Mich.1990) (holding that Michigan's long-arm statute did not extend to lawyers in California (defendants) sued for malpractice by Michigan residents (plaintiffs) for the lawyers' representation in an action in California). Nonetheless, the Court will consider the remaining two elements.

## 2) ACTIVITIES IN MICHIGAN

The cause of action must have a substantial connection with the Defendant's activities in Michigan or contacts with Michigan. *See Southern Mach.,* 401 F.2d at 381 & 384 n. 27. The present action arises from performance of legal services solely in the State of Illinois. Thus, the Court finds that this element also has not been met.

## 3) REASONABLENESS

Finally, if minimum contacts had been established through Defendant's purposeful activities, jurisdiction would be proper as long as the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe v. Wash.*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). Rather, the exercise of personal jurisdiction over the defendant must be reasonable. Factors to be considered include "the burden on the defendant, the interest of the forum State, the plaintiff's interest in obtaining relief, ... [the] 'interest in obtaining the most efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies.'" *Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *World–Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. 559 (citations omitted)).

It would be unreasonable to subject the Defendant to the Court's jurisdiction. The Defendant has not solicited business nor availed himself of any protection offered by Michigan under its long-arm statute. Therefore, the Court finds that the exercise of personal jurisdiction over the Defendant would also fail the reasonableness requirement. *See Urbanco*, 1990 U.S. Dist. LEXIS 7646, at *13.

## LIKELIHOOD STANDARD

Having failed to demonstrate a prima facie case for personal jurisdiction, Plaintiff contends that the Court should adopt a "likelihood standard" as enunciated by the First Circuit holding in *Foster–Miller.* The First Circuit stated that the likelihood test was one of a trio of standards that a fact finder might utilize when determining whether *in personam* jurisdiction exists. The likelihood standard allows a district court to engage in "differential factfinding, limited to probable outcomes as opposed to definitive findings of fact" when determining whether a court has personal jurisdiction over a defendant. *Foster–Miller*, 46 at 146. Under the likelihood test, when factual questions underlying the merits of the claim are the same, as to whether personal jurisdiction exists, the court does not have to make a factual determination as to either, but may still determine that the court is likely to have personal jurisdiction over a defendant. *Id.*

█ The Court finds, however, that the likelihood standard is inapplicable to this case. As an initial matter, the likelihood standard has not been adopted by the Sixth Circuit. Further, the application of this standard is appropriate where "facts necessary to sustain personal jurisdiction are intimately bound up with facts necessary to establish the merits of the underlying claim." *Id.* at 147. Here, a factual inquiry of whether the Defendant is subject to Michigan's personal jurisdiction statutes is not intimately bound up with the factual determination of Plaintiff's legal malpractice claim. Therefore, the Court can determine whether personal jurisdiction exists without determining Plaintiff's malpractice claim. Accordingly, the Court cannot apply the likelihood standard to determine whether the Defendant is subject to the Court's jurisdiction.

## B. VENUE

█ In a diversity action, venue remains dependent upon federal law. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 183 n. 15, 99 S.Ct. 2710, 61 L.Ed.2d 464 (1979). Here, venue is not proper in Michigan.[4] The Defendant does not reside in Michigan. A substantial part of the

---

4. The pertinent federal statute governing ven- ue is 28 U.S.C. § 1391(a) provides in relevant

events giving rise to the claim did not occur in Michigan. Finally, as set out in Part IIIA of the Court's opinion, the Court does not have personal jurisdiction over the Defendant. Accordingly, the Court holds that the United States District Court for the Eastern District of Michigan is not the proper venue for Plaintiff's claims.[5]

## IV.

### *Conclusion*

**IT IS ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Request that RULE 11 Sanctions be imposed on Plaintiff for filing a frivolous Complaint is DENIED, as no evidence has been presented on that issue.

**IT IS SO ORDERED.**

A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought on in (1) a judicial district where any defendant resides, if all the defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

5. The Defendant has not properly raised his request for the imposition of sanctions. *See* Fed.R.Civ.P. 11(c)(1). Thus, the claims were not appropriately briefed before this court. Accordingly, the Defendant's request is denied.